IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LOUIS ORLANDO HARMON, #543208, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:15-cv-0736 |
| JEFF LONG, Sheriff, | ) Judge Nixon |
| Defendant. | ) |

## MEMORANDUM OPINION

The plaintiff's complaint is before the Court for an initial review in accordance with the Prison Litigation Reform Act ("PLRA").

I. **Standard of Review**

Under the PLRA, the Court is required to dismiss any *in forma pauperis* or prisoner complaint brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court must read the plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

II. **Factual Allegations**

The only defendant named in the complaint is Williamson County Sheriff Jeff Long. The plaintiff alleges that defendant Long "had authority over Mr. Harmon's well being"; had the plaintiff removed from the Williamson County Jail within 90 days of a scheduled appearance

before the Tennessee Parole Board; and thus caused Mr. Harmon to "miss an opportunity of early release," "to be unable to enjoy life in the same way he could before the decision," and "to miss an opportunity of supporting his four children at his earliest chance possible." (ECF No. 1, at 2.) He asks that defendant Long be held "strictly liable" for the actions of his staff in removing the plaintiff from the Williamson County Jail and demands $100,000 in compensation for "intentional harm and negligence." (*Id.*)

### III. Discussion

Federal courts are courts of limited jurisdiction; they are empowered to hear only those cases that are within the judicial power of the United States as defined in the United States Constitution and as further granted to them by Act of Congress. *Finley v. United States*, 490 U.S. 545, 550 (1989); *Aldinger v. Howard*, 427 U.S. 1, 15 (1976). The plaintiff here does not identify the basis for the Court's jurisdiction, but the Court presumes he intends to sue the sheriff under 42 U.S.C. § 1983 for violation of his constitutional rights.

To state a § 1983 claim, a plaintiff must allege (1) a deprivation of rights secured by the Constitution and laws of the United States and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983. Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, although Sheriff Long, as a county official, is a person acting under color of state law, the plaintiff fails to identify the constitutional right he believes has been violated. His claim is premised upon being transferred from one facility to another which somehow deprived him of a parole hearing. To the extent the plaintiff seeks to state a due-process claim based on the denial

of a parole hearing, he fails to do so, because he has no constitutional right to be conditionally released on parole before the expiration of his prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991). Tennessee law does not create a liberty interest in parole. *See Seagroves v. Tenn. Bd. of Probation & Parole*, 86 F. App'x 45, 48 (6th Cir. 2003); *Rowan v. Traughber*, 48 F. App'x 489, 490–91 (6th Cir. 2002); *Berry v. Traughber*, 48 F. App'x 483, 484 (6th Cir. 2002); *Wright v. Trammell*, 810 F.2d 589, 590–91 (6th Cir. 1987). Because the plaintiff has no constitutional right to parole or to a parole hearing, the postponement or cancellation of a parole hearing does not give rise to a claim based on a deprivation of a constitutional right. *Cf. Utley v. Rose*, 201 F.3d 442 (Table), 1999 WL 1252880, at *1 (6th Cir. Dec. 14, 1999) (dismissing as frivolous the plaintiff's claim based on the defendants' denial of his right to meet the parole board on a previously scheduled date and subsequent refusal to recertify his name to the parole board as eligible for a parole hearing).

Likewise, to the extent the plaintiff seeks to state a due-process claim based on his transfer away from the Williamson County Jail, that claim fails too. No liberty interest was implicated by the transfer because the transfer did not impose an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Bell v. Wilkinson*, 145 F. App'x 169, 171 (6th Cir. 2005) (affirming dismissal of claim based on transfer to different prison, where the facility to which the plaintiff was

transferred was not a "supermax" facility and did not impose an "atypical and significant hardship" (citing *Sandin v. Conner*, 515 U.S. at 484)).

## IV. Conclusion

The complaint is subject to dismissal for failure to state a claim for which relief may be granted. An appropriate order is filed herewith.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT